### J. H. Cage v. W. T. Patton.

#### Decided December 23, 1905.

**1.—Landlord and Tenant—Contract in Writing—Mistake—Parol Evidence.**

Although a tenant holds under a written contract of lease it is competent for the landlord to show, under proper pleading, that the tenant took possession under a parol contract, and that the written contract was made only for the purpose of putting the parol contract into more enduring form, and that by mistake or inadvertence a provision in the original parol contract, concerning the right of the landlord to remodel the building, was omitted from the written contract.

**2.—Charge—Discretion of Jury.**

Suggested, that a jury should not be charged that they may return a verdict for any sum, not to exceed the amount alleged, that they might find, "in their discretion."

Appeal from the County Court of Erath County. Tried below before Hon. L. N. Frank.

*M. L. Jackson* and *Daniel & Ferguson,* for appellant.

*Martin & George,* for appellee.—The court did not err in refusing to admit the testimony of B. C. Cage, to the effect that he rented the premises to W. T. Patton under a verbal lease, and reserved the right to enter and improve the premises, because the petition for injunction alleges that the lease contract was made by correspondence in writing, and because the lease was in writing, and the evidence offered sought to change the terms of the written contract. 86 Texas, p. 437; Gale Mfg. Co. v. Finkelstein, 59 S. W. Rep., 572; May v. San Antonio & A. P. Town Site Co., 83 Texas, 505.

The court did not err in the third paragraph of his charge to the jury because, if there was error, it was one of omission, and not of commission, and if Cage desired the measure of damages to be given more fully to the jury, he should have asked the court to have done so by special charge, as the law does not require the court to charge the jury, and there was no error as far as the charge went. Gulf, C. & S. F. Ry. Co. v. Jones, 1 Texas Civ. App., 375; Berry v. Texas & N. O. Ry. Co., 72 Texas, 620; Hocker v. Day, 80 Texas, 529; Walker v. Brown, 66 Texas, 556; Rev. Civ. Stats., art. 1316.

CONNER, Chief Justice.—Appellant instituted this suit for a writ of injunction to restrain appellee from interfering with workmen employed to remodel the front of a stone building owned by appellant and at the time occupied by appellee as a tenant. The writ issued as prayed for. Appellant completed the alteration and rebuilding under-

taken, after which the case was tried before a jury in the County Court upon issues presented by appellee in a plea of reconvention, the court peremptorily instructing the jury that appellant had failed in establishing his suit for injunction. Appellee in reconvention, among other things, answered that his occupancy of the building was by virtue of a written lease, attached as an exhibit to his answer, and that, by the terms thereof, appellant was not given the right to interfere with appellee's possession in the manner he did; that by tearing down the front of the building, and rebuilding the same, his business as a retail liquor dealer had been injured, in that dust and dirt had entered, customers had been driven and kept therefrom, and other resulting injury done. By supplemental petition appellant alleged that appellee had entered under a verbal lease, by the terms of which the right to change the front of the building, as done, had been reserved, and that the written contract introduced and relied upon by appellee had been written with the purpose of merely embodying the oral contract in writing, and that the reservation mentioned had been inadvertently omitted by the scrivener. The trial resulted in a verdict and judgment for appellee on his cross-action in the sum of one hundred and fifty dollars, and hence this appeal.

Upon the trial appellant offered the testimony of B. C. Cage, to the effect that, as agent for appellant, he had verbally leased the building in controversy to appellee, and that in said verbal lease he reserved the right to reconstruct the front of the building involved in the controversy during the pendency of the term, which was for one year. He also sought to show by the same witness, in substance, that at the time appellee entered the premises he did so under said verbal lease, and accepted a written receipt for one month's rent then by him paid, in which receipt appeared the stipulation that appellant reserved the right to reconstruct the front of the building in controversy during the pendency of appellant's lease. Appellant also sought to show by M. L. Jackson, who was the scrivener who wrote the written lease relied on by appellee, that, previous to the execution thereof and preliminary thereto, appellee exhibited to the said witness the receipt mentioned above, and then declared that it was "a good enough contract for him." All of the foregoing testimony offered by appellant was rejected by the court on the ground urged by appellee, that the written contract excluded all previous negotiations and contracts between the parties. We think that, in so doing, the court was led into error. It seems undisputed that appellee entered under parol contract of lease for the term of one year. It is not contended that the written contract embodies different terms in respects other than the feature of the reservation relied upon by appellant, and it seems to us clear that the proof tends to show that the written contract was made with the purpose merely of putting the contract previously made into more enduring form, and that the evidence offered by appellant, as above detailed, plainly tended to support the issue presented by him in his pleading, that the reservation made in the parol contract was omitted from the written contract by inadvertence or mistake of the person who reduced it to writing.

In view of another trial, we suggest that the jury be not again permitted, as was done in the third paragraph of the court's charge, to as-

sess damages, at any sum not to exceed the amount alleged that they might find "in their discretion."

But, for the errors discussed, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*